Robert L. Emery

TRCI #13650508

82911 Beach Access Rd

Umatilla, OR. 97882

Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Robert L. Emery<br>**Plaintiff**<br><br>V.<br><br>**OREGON DEPARTMENT OF CORRECTIONS (ODOC),** an agency Of the state of Oregon;<br>**OREGON CORRECTIONS ENTERPRISES (OCE),** an agent Of O.D.O.C.<br>**Defendants** | Case; 2:24-cv-01847-MC<br><br>1983 COMPLAINT 42 U.S.C. 12101 et seq.<br>**Americans with Disabilities Act;**<br>**Section 504 of the Rehabilitation Act of 1973.**<br><br>―――――――――――――――<br><br>**VERFIFIED COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

1.

## INTRODUCTION

This is an action for damages, including compensatory damages, equitable relief, attorney fees and costs, to redress violations of the Americans with Disabilities Act (ADA) 42 U.S.C. 12101 et seq; and Section 504 of the Rehabilitation Act of 1973.

This lawsuit is based on the willful and deliberate refusal of the Defendants ODOC; OCE, to comply with federal laws protecting the right of the Plaintiff, who is disabled, and in the custody of Defendants.

Through their policies and practices, Defendants OCE, ODOC, discriminate against individuals with disabilities in their custody.

2.

## JURISDICTION & VENUE

This Court has subject matter jurisdiction under 28 U.S.C. 1331 (Federal Question).

Venue is proper in this Judicial District pursuant to 28 U.S.C. 1391 (b), because the claim(s) or a substantial part of the events giving rise to the claims herein occurred or arose in this Judicial District.

3.

## PARTIES

Plaintiff Robert L. Emery, is a citizen of the United States of America. At the time of filing of this action, Plaintiff has standing as he is in custody of ODOC at TRCI. At all times relevant, Plaintiff has been a resident of Umatilla County, Oregon, and an adult in custody (AIC) at TRCI.

4.

The individually named Defendants OCE; was at all times relevant times employees and or agents of ODOC at all times relevant to this complaint. At all times relevant herein each Defendant acted under color of state law, and within the scope of their employment. Defendants ODOC; OCE are sued in their official and capacities.

5.

Defendant ODOC is an agency of the State of Oregon and operates all prisons in Oregon including TRCI.

TRCI and ODOC receive federal funding.

6.

Defendant OCE was at all times relevant herein a contractor/agent working with TRCI and ODOC.

7.

**GENERAL FACTUAL ALLEGATIONS**

8.

On 04-11-2024 after passing medical and security checks and an interview process plaintiff was hired to work for OCE laundry at TRCI.

9.

On 04-12-2024 Plaintiff arrived at work and quickly learned that his job required standing for seven to eight hours a day folding towels, hospital scrubs, sheets, etc. with no breaks except for a thirty-minute lunch break, (Plaintiff was not aware of these conditions prior to his employment). Plaintiff decided that day that he would have to bring his wheelchair with him to work from that day forward in order to perform his duties.

10.

Plaintiff is diagnosed with Major Depression, Suicide Ideation, and diabetic related nerve damage in both feet. TRCI's Medical has been treating Plaintiff with medication for the resulting pain and suffering, Plaintiff is also prescribed a wheelchair for long distances, and for standing for long periods of time by his BHS prescribing physician Dr. Peters because the pain and suffering was exacerbating plaintiffs diagnosed suicidal ideation and Major Depression. This wheelchair restriction is documented in ODOC's A.S. 400 computer system and available to all staff including OCE. Plaintiff has no medical restrictions preventing him from work, and in fact was cleared by medical for work in OCE before OCE ever hired Plaintiff.

11.

The next day on 04-13-2024 Plaintiff brought his wheelchair with him to work in OCE and before Plaintiff even got in the front door Supervisor Poppell saw my wheelchair, pulled me aside and told me

that "wheelchairs are not allowed inside OCE", Poppell then sent me back to my cell telling me that "I was going to lose my job over this".

12.

On 04-15-2024 Plaintiff returned to work (as I had not yet been unassigned), a Supervisor Castanon saw my wheelchair and then he also pulled me aside before ever entering OCE and told me that "no wheelchairs are allowed in OCE", I complained to Castanon about this and he then went to the main Supervisor Ms. Hensell who fired me out of hand based solely upon my disability and wheelchair.

13.

Defendants O.D.O.C./ OCE refused to make reasonable accommodations for plaintiffs' disability and thus denied plaintiff meaningful access to programs that persons with disabilities are otherwise entitled to.

14.

Defendants O.D.O.C./OCE have a policy/custom of denying jobs to inmates who are in wheelchairs in the laundry.

15.

**FIRST CLAIM FOR RELIEF**

**(Americans with Disabilities Act-42 U.S.C. 12101 et seq)**

**(Against ODOC/OCE)**

Plaintiff re-alleges all prior paragraphs 1 thru 16 as though fully set forth herein.

Defendants ODOC/OCE is a public entity under 42 U.S.C. 12131(1)(B).

Plaintiff suffers from Major Depression, Suicide Ideation, and Nerve Damage in both feet which causes excruciating pain and suffering.

These disabilities interfere with Plaintiffs major life activities, including Major Depression, Suicide Ideation, walking, standing for long periods of time without excruciating pain and suffering.

Plaintiff is a "qualified individual with disabilities." At all times relevant, Defendants were aware of plaintiff's disability.

Defendants have damaged Plaintiff in violation of 42 U.S.C. 12132 and its accompanying regulations by committing discriminatory acts or practices with deliberate indifference:

Defendants subjected Plaintiff to discrimination on the basis of his disabilities and were deliberately indifferent to the need to accommodate plaintiffs' disabilities. Said discrimination effectively deprived Plaintiff of the benefits, services, programs, activities, offered by ODOC/OCE to similarly situated inmates, including access to the the best paying jobs in ODOC, worker appreciation food sales, and known general health benefits associated with working a job in prison, and loss of income

Defendants harmed plaintiff by failing to accommodate his special needs and make reasonable accommodations for his special needs, and acted with deliberate indifference to plaintiffs' rights, and thus Plaintiff is entitled to money damages.

Plaintiff is entitled to injunctive relief, including, but not limited to, an order prohibiting Defendants from discriminating against plaintiffs and other persons with disabilities and an order mandating full compliance with Title II of the ADA.

Plaintiff is entitled to a declaration that the Defendants violated Title II of the ADA.

Pursuant to 42 U.S.C 1988 and 2000e-5, plaintiff is entitled to an award of attorney's fees, expert witness fees, and costs incurred.

16.

## SECOND CLAIM FOR RELIEF

### (Section 504 of the Rehabilitation Act of 1973)

### (Against ODOC/OCE)

Plaintiff re-alleges all prior paragraphs 1 thru 16 as though fully set forth herein.

Plaintiff is a qualified individual with a disability or handicap under the Rehabilitation Act.

Plaintiff is otherwise qualified to receive the benefit of the programs, made available to other inmates within O.D.O.C./OCE.

At all times material, Defendant ODOC/OCE was and is a recipient of federal financial assistance for its programs and activities.

Defendants ODOC; OCE; actions and omissions as described above violated Plaintiffs rights under the Rehabilitation Act by excluding him or denying him the benefits of the Defendants services/programs because of his disability.

Defendants ODOC/OCE; conduct showed deliberate indifference to Plaintiffs rights.

Plaintiff sustained emotional distress and damages due to Defendants violation of the Rehabilitation Act, including loss of excellent paying job, worker appreciation benefits, loss of income and health benefits associated with working while in prison.

Plaintiff is entitled to injunctive relief, including, but not limited to, an order prohibiting Defendants from discriminating against Plaintiff and other persons with disabilities and an order mandating full compliance with section 504 of the Rehabilitation Act.

Pursuant to 505 of the Rehabilitation Act, Plaintiff is entitled to money damages, and an award of attorney fees and costs.

I declare under penalty of perjury pursuant to 42 U.S.C. 1746 that the foregoing is true and correct.

17.

### PRAYER FOR RELIEF

Plaintiff prays for judgement against Defendants as follows:

A. An award of damages in an amount to be proven at trial to compensate Plaintiff for, loss of good time credits, lost wages (past and future), for his pain, as well as mental, emotional injuries.
B. An award of punitive damages in an amount to be proven at trial.
C. Plaintiffs reasonable attorney fees, costs, disbursements, expenses.
D. For such relief as the law permits and justice requires.

Plaintiff demands a jury trial.

Dated 11-5-24

Robert L. Emery

Pro Se

# CERTIFICATE OF SERVICE

CASE NAME: Emery v. ODOC et al

CASE NUMBER: (if known) _____

COMES NOW, Robert L. Emery, and certifies the following:

That I am incarcerated by the Oregon Department of Corrections at Two Rivers Correctional Institution. (TRCI)

That on the 5th day of November, 2024, I personally gave Two Rivers Correctional Institution's e-filing service a true copy OF THE FOLLOWING:

1. 1983 complaint - ADA
2. Civil cover sheet
3. 
4. 
5. 
6. 
7. 
8. 
9. 

(Signature)

Print Name: Robert L. Emery

SID #: 13650508

Page 1 of 1 – Certificate of Service